# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 22-957V

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * *
                                    *
CHANDRA GUZMAN,                     *        Chief Special Master Corcoran
                                    *
                  Petitioner,       *        Filed:  June 9, 2025
                                    *
      v.                            *
                                    *
SECRETARY OF HEALTH                 *
AND HUMAN SERVICES,                 *
                                    *
                  Respondent.       *
                                    *
* * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

*Ronald C. Homer*, Conway, Homer, P.C., Boston, MA, for Petitioner.

*Lynn C. Schlie*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On August 18, 2022, Chandra Guzman filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleged that she developed transverse myelitis as a result of her receipt of a pneumococcal conjugate vaccine on September 19, 2019. Amended Petition (ECF No. 31) at 1. On June 14, 2024, Respondent filed his Rule 4(c) Report recommending denial of compensation in this matter. Thereafter, Petitioner was provided the opportunity to obtain an expert addressing prong one causation. *See* Scheduling Order, dated July 10, 2024. But in February 2025 she instead requested that the claim be dismissed. Motion, dated Feb. 28, 2025 (ECF No. 40). A decision dismissing the petition was issued on March 3, 2025. *See* Decision, dated Mar. 3, 2025 (ECF No. 41).

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 30aa-10 through 34 (2012) [hereinafter "Vaccine Act" of "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit the statutory prefix).

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated May 12, 2025 (ECF No. 45) ("Mot."). This is Petitioner's sole fees and costs request. Petitioner requests $66,939.38 in attorney's fees and costs (reflecting $58,800.30 in attorney's fees, plus $8,139.08 in costs) for the work performed by the attorneys and paralegals at Conway, Homer, P.C. Mot. at 2. The requested costs include Petitioner's unreimbursed litigation costs, which are discussed in greater detail below. Respondent reacted to the present fees request on May 27, 2025. *See* Response, dated May 27, 2025 (ECF No. 47) ("Resp."). Respondent agrees that Petitioner has satisfied the statutory requirement for a fees award, and otherwise defers the calculation of the amount to be awarded to my discretion. Resp. at 2, 5. Petitioner did not file a reply.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$66,939.38**.

## ANALYSIS

### I.    Petitioner's Claim had Reasonable Basis

Although the Vaccine Act only guarantees a fees award to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g., Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or even denied entirely.

A claim's reasonable basis[3] must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. In addition, reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation). As a result, a claim can

---

[3] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

"lose" reasonable basis over time.

The standard for finding the existence of reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[4]

Because Petitioner opted to terminate her claim, it was literally "unsuccessful"—and therefore fees are only appropriate if the matter had reasonable basis. But I find there was a sufficient objective basis for the claim to entitle her to a fees and costs award. The medical records, at a minimum, established that Petitioner received the vaccine at issue, and that she experienced a variety of symptoms that could arguably have been vaccine-related. And prior to the dismissal, I allowed Petitioner the opportunity to obtain expert support for her claim, based on these same objective facts supporting the matter.

I have often expressed to petitioners my view—based on my experience deciding comparable cases—that claims that the pneumococcal vaccine can cause a variety of demyelinating conditions are not likely tenable. Nevertheless, other special masters have been indulgent in resolving comparable matters, and there is thus no prevailing view in the Vaccine Program as to the scientific/medical basis for such a claim. And of course it is well-understood that the standard that governs reasonable basis determinations is exceedingly lenient. Accordingly, a final award of fees and costs in this matter is permissible. There is also no reason otherwise to deny a fees award.

## II.    Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into

---

[4] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bass the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for her attorney and support staff, based on the years work was performed:

|  | 2021 | 2022 | 2023 | 2024 | 2025 |
|---|---|---|---|---|---|
| **Nathaniel Enos (Attorney)** | -- | $280.00 | -- | $360.00 | -- |
| **Meredith Daniels (Attorney)** | -- | $410.00 | $455.00 | $485.00 | $516.00 |
| **Ronald Homer (Attorney)** | -- | $475.00 | $500.00 | $525.00 | $567.00 |
| **Joseph Pepper (Attorney)** | -- | -- | -- | $485.00 | $516.00 |
| **Christina Ciampollilo (Attorney)** | -- | $425.00 | -- | $500.00 | $537.00 |
| **Patrick Kelly (Attorney)** | -- | -- | -- | $345.00 | $380.00 |
| **Paralegals** | $155.00 | $170.00 | $185.00 | $195.00 | $207.00 |

Mot. at 4–26.

The attorneys at Conway, Homer, P.C. practice in Boston, MA—a jurisdiction that has been deemed "in forum." Accordingly, they should be paid at forum rates, as established in *McCulloch*. *See Lozano v. Sec'y of Health & Hum. Servs.*, No. 15-396V, 2020 WL 7869439, at *3 (Fed. Cl. Spec. Mstr. Nov. 30, 2020). The rates requested (including newly 2025 rates) are also consistent with what has previously been awarded for the work of these attorneys, in accordance with the Office of Special Masters' fee schedule.[5] *Vanore v. Sec'y of Health & Hum. Servs.*, No. 21-870V, 2025 WL 407022 (Fed. Cl. Spec. Mstr. Jan. 3, 2025). I thus find no cause to reduce them

---

[5] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited June 9, 2025).

in this instance. And I deem the time devoted to the matter to be reasonable (although on the edge of what might be more than necessary for a case where no expert report was filed, and where the matter was voluntarily dismissed). I will therefore award all fees requested without adjustment.

## III.    Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002): *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $8,068.83 in outstanding costs, including the filing fee, medical record retrieval costs, mailing costs, and costs associated with the work of two experts—Michael Levy, M.D., Ph.D.; and Richard Bajakian, M.D. Mot. at 27, 52, and 56. Dr. Levy reviewed the relevant medical records and submitted an invoice reflecting a total of $3,000.00 (billing at an hourly rate of $750.00 for four hours of work). *Id.* at 52. Similarly, Dr. Bajakian reviewed the filed medical records and images in the matter and submitted an invoice reflecting a total of $700.00 (billing at an hourly rate of $700.00 for four hours of work, and after receiving a retainer fee of $2,100.00). *Id.* at 56. These expert costs were reasonably incurred (especially since I invited expert input— and given the possibility that this input resulted in the claim's dismissal), and I find the sum was reasonable for the work performed. Thus, I do not find any reason to make any reductions.

Petitioner also seeks $70.25 for medical record retrieval costs and postage costs. Mot. at 59–61. Such costs are typical in Program cases, were reasonably incurred in this matter, and are not duplicative sums billed by Petitioner's counsel. These costs are thus appropriately included in this award.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs in its entirety. Petitioner is awarded a total amount of **$66,939.38**, reflecting (a) $66,869.13 in attorney's fees and costs; and (b) $70.25 in Petitioner's unreimbursed litigation costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[6]

**IT IS SO ORDERED**.

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.